## JACOB AMEE *versus* GOWEN WILSON & *al.*

Where there is no rule of Court requiring the clerk to enclose a commission
to take depositions to the commissioner under seal, and where the com-
mission contains no directions that the interrogatories should not be seen
by the deponent; if they are shown to him before the commission is de-
livered to the commissioner, this furnishes no legal impediment to the ad-
mission of the deposition.

In an action to recover the price of sails and rigging, where the plaintiff
offers in evidence his original books of entry with his own suppletory oath,
it is not competent for him to testify, that he was directed by the defendant
to deliver the sails and rigging on board another vessel and that he did so
deliver them.

The creditor is not entitled to recover interest on the amount of articles
charged on account after the expiration of six months from the time of their
delivery, by proof, " *that the usual term of credit on the purchase,*" of such
articles at the place of the sale, " *was six months with interest after.*" The
plaintiff would be entitled to such interest, only by proof of an agreement
to pay it, or by proof of a demand of payment anterior to the date of the
writ.

ASSUMPSIT against the defendants as owners of the brig
George Henry, to recover the value of sails and other articles
alleged to have been furnished by the plaintiff for said brig.

The general issue was pleaded and the defendants filed a
brief statement of the statute of limitations. The writ bore
date August 3, 1837. The declaration originally had but one
count on the account annexed to the writ, in which the plaintiff
alleges that the defendants promised to pay the principal sum
on demand with interest thereon after six months from August
3d, 1827, the date of the first charge in the account, the date

of the last charge being August 8, 1831. The plaintiff, under leave to amend, added two other counts, in one of which the promise is alleged to be, to pay the same in six months from said third day of August; and in the other the promise is alleged to be, to pay the same on demand, with an averment of a demand of payment on said third day of August.

The plaintiff offered the deposition of G. W. Thacher to which the defendants' counsel objected; but it was admitted by WESTON C. J. presiding at the trial. The deposition was taken by a Judge of a court of record in New York, under a commission upon interrogatories. Before the commission was issued, the defendants' counsel requested the clerk in writing, annexed to the cross-interrogatories filed by him, that the interrogatories might be sent to the commissioner under seal of the clerk; and the defendants' counsel, in a cross-interrogatory, asked the witness whether the interrogatories were first submitted to him by any one, and by whom, before they were put by the commissioner? To this question, the witness replied, that the interrogatories were first shown to him on the 3d of July, 1841, by James O. Ward, and it appears by the return of the Commissioner that the deposition of the witness was taken on the 6th of July, 1841. The commission and deposition were referred to in the report of the case, but did not appear in the copies.

The plaintiff offered his book of original entries and tendered his suppletory oath, to which the defendants' counsel objected, on the ground that the charges in the plaintiff's account showed that his workmen were competent witnesses and afforded better evidence of the work performed, materials furnished and articles delivered, than the plaintiff's account book and suppletory oath; but he was permitted to testify, and said that the original entry was made against the brig George Henry of East Machias, Me., Gowen Wilson, John Bucknam and Eben Otis, owners; that the articles charged were furnished to the brig, and had not been paid for, and that the prices were usual and fair prices.

On cross-examination he testified, that he employed two hands and a boy in making the sails; that he delivered the articles to captain Longfellow on board schooner Superior of Machias; and that one of his men was present at the time and assisted him in making such delivery. On re-examination by his attorney, the plaintiff said, the defendants' counsel objecting, that Otis and Wilson originally applied to him for the sails and directed him to deliver them on board schooner Superior. The plaintiff introduced evidence to prove that the usual term of credit on the purchase of sails and rigging in Boston, was six months with interest after, and that they were sometimes sold by agreement on a credit of twelve months with interest after six. If the deposition of Thacher was properly admitted, and if the plaintiff was rightly admitted to his supplementary oath to substantiate his charges, under the ·circumstances of the case, and to testify to the original application and direction of the defendants, Wilson and Otis; and if on the original declaration the plaintiff is entitled to recover interest, or if the additional counts were rightly added, and interest is recoverable upon either of the counts upon the evidence in the case, judgment was to be rendered on the verdict; otherwise it was to be set aside and a new trial granted.

*Hobbs* contended that a new trial should be granted on either of these grounds.

1. The amendment of the declaration was improperly permitted, as it added a new cause of action.

2. Thacher's deposition ought not to have been admitted in evidence. The commission, with the cross-interrogatories, was shown to the witness by the plaintiff's agent before it was delivered to the commissioner, and the deponent was thereby informed of the questions he would be required to answer, and was enabled to frame his answers in anticipation of these inquiries. This course destroys the benefit of a cross-examination. It was the plaintiff's own fault, and it should exclude the deposition.

3. It was not competent for the plaintiff to prove the delivery of the articles by his supplementary oath. The articles

could not have been delivered without the intervention of third persons, and besides third persons were actually present at the time, and might have been produced to testify. It is only from the necessity of the case, that the plaintiff can be a witness in his own favor.

4. But if the plaintiff could be admitted to testify for some purpose, it was not competent for him to testify that he delivered the articles to captain Longfellow by the direction of the defendants. Longfellow was a competent witness. Nor should the plaintiff have been allowed to testify to the ownership of the vessel.

*Porter*, for the plaintiff.

The amendment was rightly allowed. It was merely a different form of declaring for the identical articles. *Bishop* v. *Baker*, 19 Pick. 517.

There is no rule, that a commission to take a deposition should be sent to the commissioner under seal. There is no evidence that the plaintiff, or any agent of his, caused or permitted the commission to be shown to the deponent.

This is a sailmaker's account and was entered on his books. It could not be expected that he would keep a clerk any more than any other mechanic, nor that the hands at work in the shop would see to the delivery of the articles, or know where or to whom they went. The books are the best evidence to be expected from the nature of the plaintiff's employment. The evidence is admissible as part of the *res gesta.* Greenl. Ev. 137, 138, and cases cited; 3 Dane, 321; *Prince* v. *Smith*, 4 Mass. R. 455; *Clark* v. *Perry*, 17 Maine R. 175; *Leighton* v. *Manson*, 14 Maine R. 208. This last case shows, that frequently it is mere matter of discretion in the presiding Judge, whether to admit the plaintiff's oath or refuse it. The Judge acted legally in admitting the testimony.

The plaintiff did not testify who were owners of the vessel, but merely to whom the charges were made on the books, at the time, as owners of the vessel. It was only on cross-examination by the defendants, and in answer to their inquiries, that the plaintiff stated to whom the articles were delivered

and by whose direction. They cannot therefore make that objection. But if the objection was open to them, there is nothing in it. It was admissible from the necessity of the case. He could state to whom the delivery was made; and that the person was the servant or agent of the defendants would come from other sources.

The opinion of the Court was drawn up by

SHEPLEY J. — The amendments appear to have been for the same cause of action, and they might well be permitted. The witness, who was examined under a commission on interrogatories filed, was permitted to see the interrogatories before he was examined. It does not appear, that the commission contained any direction to the commissioner not to permit it, or that the clerk violated any order or rule of the Court in neglecting to enclose the commission under seal. There was no legal impediment to the reception of the testimony. It may be very proper for the Court, by rule or otherwise, to order, that commissions should be so issued as to prevent the evils supposed to arise from the execution of them as in this case.

If the charges of the plaintiff were for labor performed and materials found in making the sails, it might be proper to permit his books, accompanied by his oath, to be introduced to prove the items. But the plaintiff appears to have been permitted to testify to facts not entering into any items of charge as found in the books. That he was directed to deliver the sails on board of another vessel, the schooner Superior, and that he did so deliver them. And it appears also, that other persons assisted, both in making and delivering them. And the plaintiff appears to have been permitted to recover interest after six months upon proof, that the usual term of credit on the purchase of sails and rigging in Boston was six months with interest after. One is entitled to have his rights determined by his own contract or by the law; and he cannot without proof be considered as agreeing to any usual time of credit. The plaintiff would be entitled to such interest only by proof

of an agreement to pay it; or by proof of a demand of pay-
ment, anterior to the date of the writ.

*The verdict is set aside,*

*and a new trial granted.*